John S. POPE, Petitioner,

v.

FEDERAL COMMUNICATIONS COMMISSION, Respondent.

No. 02–3134.

United States Court of Appeals, Federal Circuit.

Nov. 27, 2002.

---

John S. Pope, pro se, of Wilmette, Illinois.

Brian S. Smith, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With him on the brief were Robert D. McCallum, Jr., Assistant Attorney General, David M. Cohen, Director, Jeanne E. Davidson, Deputy Director, and Deborah A. Bynum, Assistant Director.

Before NEWMAN, CLEVENGER, and GAJARSA, Circuit Judges.

PER CURIAM.

John S. Pope seeks review of the final decision of the Merit Systems Protection Board ("Board") denying his petition for enforcement of a settlement agreement between him and the Federal Communications Commission ("FCC"). *Pope v. Fed. Communications Comm'n,* No. DC3443010135–C–1 (Nov. 27, 2001). Because the Board erred in its interpretation of the settlement agreement, we reverse the Board's final decision, and remand the case for proceedings consistent with this opinion.

I

Sometime before May of 2000, Mr. Pope sought employment with the FCC as an attorney. A dispute arose between Mr. Pope and the FCC as to whether the agency had afforded Mr. Pope the veteran's preference to which he is entitled in connection with the attorney positions he sought. Mr. Pope brought suit before the Board to resolve that dispute. The parties settled that dispute with a settlement agreement.

The settlement agreement specified that the FCC would provide Mr. Pope with three opportunities for "priority consideration referral" for attorney position vacancies the FCC advertised as "all sources" opportunities. The deal required Mr. Pope to use the three opportunities within a year of the date of the agreement. In order to trigger the FCC's obligations, the agreement required that Mr. Pope, when desiring a "priority consideration referral" for an advertised position, would submit his application to a specified person at the FCC indicating his desire to be referred for a particular advertised opportunity. If his application satisfied the minimum eligibility requirements for the position, then his application would be "forwarded to the

selecting official for separate consideration."

The settlement agreement stated that Mr. Pope is not guaranteed "an interview or selection for the position even if he meets all of the minimum eligibility requirements of the position." The settlement agreement further stated that "priority consideration referral" requires the selecting official to "review and make a determination on the Appellant's application on its own merits."

In the event of a violation of the terms of the settlement agreement by a party, the agreement specified that "the other party may seek enforcement by the MSPB to obtain such remedies as may be deemed appropriate."

In May of 2001, the FCC issued two advertisements for attorney job openings. The formal document used by the FCC for this purpose is called a "Vacancy Announcement," or "VAN." Each VAN noted that the positions were "Open Until Filled." Mr. Pope exercised two of his priority consideration opportunities for VAN 01–139DF and VAN 01–140DF. In response to his application on VAN 01–140DF, the FCC wrote to Mr. Pope on June 21, 2001, that "[g]iven the large volume of applications received, the review and evaluation process may take a considerable period of time." For the other VAN, Mr. Pope was given a telephone interview by four FCC attorneys. At the conclusion of the interview, Mr. Pope asked what the next step would be. One of the FCC attorneys told Mr. Pope that there were a number of other applicants to be interviewed, and that an offer for one of the open jobs might be made that month.

Mr. Pope then contacted the FCC attorney who had represented the FCC in connection with the settlement agreement that obliged the FCC to give three opportunities for priority consideration to Mr. Pope. Mr. Pope expressed his view that the treatment he had received in connection with the two VANs did not constitute priority consideration as required by the settlement agreement. The FCC attorney responded by saying that Mr. Pope was getting something even better than priority consideration, because his application was not eliminated while the agency considered other applicants.

By letters dated July 10 and 11, the FCC thanked Mr. Pope for his two applications and stated: "You were rated among the best qualified and referred for consideration, however, another applicant(s) was selected for the position."

The formal action of the deciding officials in question rejecting Mr. Pope's applications is memorialized on the document that the FCC used to refer Mr. Pope's applications for priority consideration for the two VANs. The document is called "Referral List" and it simply lists Mr. Pope's name standing alone. No reference is made on the document to the fact that Mr. Pope is entitled to priority consideration.

On August 28, 2001, Mr. Pope filed a petition for enforcement of the settlement agreement, arguing that in connection with each VAN, he had not been afforded priority consideration as required by the settlement agreement.

## II

■ The FCC agrees with Mr. Pope, as indeed it must, that the term "priority consideration" is a term of art in the jargon of federal employment law. It is settled law that, as a term of art, "priority consideration" means

that an employee will receive *bona fide* consideration by the selecting official before any other candidate is referred for consideration and that the employee will not be considered in competition with

other candidates and will not be compared with them.

*Perry v. Dep't of the Army*, 992 F.2d 1575, 1579 (Fed.Cir.1993). Furthermore, in order for an agency to demonstrate bona fide consideration, the record must show that a "prior noncompetitive referral was made [and] that the recipient supervisor who is charged with filling the position has actually considered and evaluated the applicant's qualifications." *Id.* at 1580.

In a nutshell, "priority consideration" requires the deciding official treat the priority candidate as "first in line, up or down," since the priority candidate gets a decision made on his application before any other application is considered. There of course is no assurance that a priority candidate will be picked for the open job, but there is assurance that the priority candidate will not have his application compared with the applications of others, and he is not in competition with others.

An appointing official who receives a referral for a priority consideration candidate needs to know that the candidate enjoys that status, else how will the official know that the applicant must receive the "first in line, up or down" consideration? That is why our precedent demands that a "*noncompetitive* referral" be made to the appointing official.

On the facts of this case, as set forth above, it is certain that the FCC did not afford "priority consideration" to Mr. Pope, according to the settled meaning of the term of art. This is so because it is clear that Mr. Pope did not receive the requisite "first in line, up or down" treatment required when priority consideration is given. Why, then, is this case here? Because the FCC, both before the Board and before this court, argues that "priority consideration referral"-the term used in the settlement agreement-and "priority consideration" as a term of art are entirely different things.

According to the FCC, a "priority consideration referral" is a referral to the hiring official of a single name on a Referral List. So long as the hiring official attests to having reviewed the application and made a decision on it (both of which were done in this case), and Mr. Pope's name was referred on a Referral List that contained no more information than his name standing alone, the FCC contends that the definition of "priority consideration referral" has been met. According to the FCC, a "priority consideration referral" has nothing to do with the referent being given priority consideration over other applicants.

The Board accepted the FCC's argument that "priority consideration referral" has a radically different meaning than the "priority consideration" term of art. Interpreting the settlement agreement as a matter of law, the Board favored the FCC's interpretation, and accordingly denied Mr. Pope's petition for enforcement of the settlement agreement.

Mr. Pope timely petitioned in this court for review of the Board's final decision. We have jurisdiction over his petition under 28 U.S.C. § 1295(a)(9).

### III

We must not disturb a final decision of the Board unless it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000). In this case we have only a question of law, which is how to interpret the term "priority consideration referral" as found in the settlement agreement. On the facts, each side would prevail under its favored interpretation of the contract terms, so the pure legal question controls the outcome of the case.

■ The FCC grounds its contract interpretation argument in two portions of

the settlement agreement. In one portion, the agreement states that the "application shall then be forwarded to the selecting official for separate consideration." In the other portion, the agreement states that "priority consideration referral requires the selecting official to review and make a determination on Appellant's application on its own merits." According to the FCC, these two portions of the settlement agreement create the definition for a "priority consideration referral."

Thus, according to the FCC, since only Mr. Pope's name was on the Referral List for the two opportunities, and since both applications were reviewed and decided, then Mr. Pope has exhausted two of his priority consideration referral opportunities, and the agency is in full compliance with the terms of the settlement agreement.

Mr. Pope argues here, as before the Board, that the term of art meaning of "priority consideration" is embraced in the settlement agreement and that the portions to which the FCC points are merely partial explanations of what is required by way of a priority consideration referral. Of course, the candidate must receive a referral to the deciding official in order to receive a "separate consideration," else how can he be treated first in line and not in competition or comparison with others? And equally of course, priority consideration itself and priority consideration upon a referral *requires* the selecting official to make the decision on the "own merits" of the application apart from competitive or comparative considerations.

The FCC's argument overlooks clear precedent. When priority consideration is to be given, it *requires* a *referral* to the deciding officer who is to engage in the process embraced by the defined term. Priority consideration thus requires a referral. *Perry,* 992 F.2d at 1579. The term of art requires the agency to refer

the appellant for priority consideration. Consequently, a priority consideration referral cannot mean a referral for something other than priority consideration. The FCC further overlooks the requirement in *Perry* that a *noncompetitive* referral be made to the deciding official. Furthermore, as Mr. Pope notes, the FCC's view of "priority consideration referral" would mean that the very purpose of priority consideration is avoided simply by using the term "referral" to describe the action taken in order to satisfy a priority consideration duty. Mr. Pope is correct in his view that the language to which the FCC points in the settlement agreement is not a separate definition of "priority consideration" but instead is simply a partial description of what occurs when priority consideration is given.

Rather than face its obligation to deal forthrightly with the precedent, the FCC prefers to argue on the basis of another settlement agreement from another case that is not in the record in this proceeding. Mr. Pope rightly objects to the FCC's reliance on a document that was never part of the record nor mentioned at any stage of the proceeding below.

■ We of course interpret the settlement agreement, a contract, as a matter of law without deference to the decision of the Board on the issue. Here, we are certain the Board erred. A priority consideration action requires the agency to make a noncompetitive referral to the deciding official who must perform the "first in line, up or down" assessment of the priority consideration referent's application. That was not done in this case, as the Referral List makes no mention of the obligations imposed on the deciding official by the agreed meaning of the term of art. "Priority consideration referral" is the same thing as "priority consideration."

Accordingly, the FCC has breached the settlement agreement. Mr. Pope for relief

seeks an order requiring the FCC to afford him three priority consideration opportunities over a reasonable period of time. The FCC does not object to Mr. Pope's request for relief, and in particular does not inform us-in the event we were to reject its interpretation of the settlement agreement-of what a reasonable period of time would be from its perspective. Therefore, we must decide that issue ourselves.

Because the settlement agreement requires "priority consideration" as that term is defined as a term of art, and because the agency twice breached the agreement, we reverse the final decision of the Board. We remand the case with instructions that the Board order the FCC to afford Mr. Pope three priority consideration opportunities to be exercised within one year from the date the mandate issues from this court on this appeal.

### COSTS

Costs to Mr. Pope.

REVERSED AND REMANDED.